IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **Blueprint Holdings, LLC; and Tennessee Valley Homes, Inc.,** ) ) ) | |
| Plaintiffs ) ) | CASE NO. _____ |
| v. ) ) | Judge: _____ |
| ) | Magistrate: _____ |
| **The Town Of Thompson's Station, Tennessee,** ) ) ) | |
| ) | **JURY DEMAND** |
| Defendant. ) | |

## COMPLAINT

The Plaintiffs, as their Complaint against the Defendant, state as follows:

## **INTRODUCTION**

This lawsuit arises from attempts to develop a multi-section residential subdivision within the town of Thompson's Station, Tennessee ["the Town"].

One of the Plaintiffs entered into a Reservation Agreement with the Town in October of 2021, whereby the Town agreed to reserve wastewater capacity for the project, subject to the Developer's subsequent submittal of Applications for Rezoning. It has historically been the policy and practice of the Town to collect the Reservation Fee set forth in the Reservation Agreement sixty (60) days after approval of the Preliminary Plat Plan. In this case, the Developer then submitted properly prepared and timely Applications for Rezoning. However, the Town then unilaterally implemented, without following the appropriate protocol, a moratorium on rezoning. The Town's moratorium on rezoning effectively resulted in the Developer being unable to obtain

a Preliminary Plan from the Town for the real estate development. Notwithstanding the moratorium, the Town allowed at least one other Developer, similarly situated, to have its Rezoning Application considered (and approved).

The Developer then requested an extension of the Reservation Agreement which, although confirmed by the Town staff in writing, was not on the October, 2022 Meeting Agenda for the Town's Board of Mayor and Alderman. This refusal to consider an extension of the Reservation Agreement, as set forth therein, forced the Developer to fully pay the Reservation Fee on October 18, 2022, which totaled $463,461.30, or, lose the reserved capacity for wastewater.

As will be shown, the Plaintiffs have been denied due process and equal protection under the law, all of which have damaged the Plaintiffs.

## THE PARTIES

1. (a) The Plaintiff, **Blueprint Holdings, LLC**, is a limited liability company, authorized and existing pursuant to the laws of the State of Tennessee. Its principal place of business is at 127 Southeast Parkway Court, Franklin, Williamson County, Tennessee 37064. Blueprint Holdings, LLC ["Blueprint"] is in the business of procuring, improving and developing real property.

(b) The Plaintiff, **Tennessee Valley Homes, Inc.**, is a corporation, authorized and existing pursuant to the laws of the State of Tennessee. Its principal place of business is at 127 Southeast Parkway Court, Franklin, Williamson County, Tennessee 37064. Tennessee Valley Homes, Inc. ["TVH"] is in the business of procuring, improving and developing real property.

(c) Blueprint and TVH are partners in the development of the land involved in this case, and both companies are owned by James Franks.

2. The Defendant, **The Town Of Thompson's Station, Tennessee** [the "Town"], is an incorporated legal subdivision of the State of Tennessee, created and existing by virtue of the Constitution and laws of the State of Tennessee, and is empowered by the State to act through its governing body, its officials, employees and official bodies. The Town's Board of Mayor and Alderman acts on its behalf. The Town's Municipal Planning Commission had delegated to it certain land use planning functions pursuant to T.C.A. §13-4-101.

3. The Town may be served with process upon Brian Stover, Mayor of the Town, at 1555 Thompson's Station Road, Thompson's Station, Tennessee, pursuant to Federal Rule of Civil Procedure 4(j)(2).

## JURISDICTION AND VENUE

4. This action arises under the laws of the United States of America and this Court possesses jurisdiction over this matter pursuant to 28 U.S.C. §1331, as this case presents a question of federal constitutional law and pursuant to 28 U.S.C. §1343, as this case involves a deprivation of the Plaintiffs' civil rights under Color of State Law.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the Town is located in, and the actions forming the subject matter of this lawsuit occurred in, this Court's District.

## FACTUAL ALLEGATIONS

**The Real Estate**

6. This case concerns 63.39 acres+/- located at 4339 Columbia Pike, in Williamson County, Tennessee ["the Property"].

7. Freda A. Garrett is the owner of the Property.

8. (a) By *Purchase and Sale Agreement*, executed July 1, 2021, the Plaintiff, Blueprint, contracted with Ms. Garrett to acquire the Property for purposes of developing it.

(b) Blueprint's acquisition of the Property was with the understanding that it could have availability of utilities through the Town and confirmation that the Property was zoned (or could be rezoned) with a classification sufficient to permit the buyer's intended use of the Property; namely, a residential development acceptable to the Buyer with 190 units under D-3 Zoning or 95 units under D-2 Zoning or, alternatively, a request for 133 units under TZ Zoning, according to the applicable Zoning Regulations.

9. Blueprint (as the Buyer) is a partner with TVH for the redevelopment of the Property owned by Ms. Garrett. Accordingly, each of the Plaintiffs has an interest in the development of the Property in order for the above-referenced purchase to come to fruition, and in order that the Property can be developed/redeveloped as a viable residential development.

10. The Property is currently zoned T-2, which allows only 7 homes on the entire 63.39 acres. To develop the Property into a viable real estate development it will need more units and, therefore, it will be necessary for the Property to be re-zoned.

-4-
Case 3:23-cv-00105   Document 1   Filed 02/03/23   Page 4 of 13 PageID #: 4

**The Rezoning Process**

11. (a) On October 19, 2021, the owner, Ms. Garrett, TVH and the Town entered into that *Reservation of Wastewater Capacity Agreement* [the "Reservation Agreement"] for the Property. The Reservation Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.

(b) The Reservation Agreement concerned the 63.39+/- acres at 4339 Columbia Pike [identified earlier as "the Property"].

(c) It has historically been the Town's policy and practice to not require the payment of the Reservation Fee until sixty (60) days of the approval of the Preliminary Plat Plan. However, the Reservation Agreement specifically required TVH to make a payment of $463,461.30 by October 18, 2022.

(d) The Reservation Agreement expressly provided that TVH would be required to submit for approvals to the Town all necessary Applications, including but not limited to Plat Approval, Building Permits and Rezoning Requests.

(e) The Reservation Agreement contemplates that a rezoning opportunity would be afforded to TVH but that if TVH was unsuccessful in obtaining "rezoning of the Property" that the aforementioned payment would be reimbursed.

(f) In like manner, the Reservation Agreement contemplated a Preliminary and Final Plat approval opportunity, expressly providing that if TVH was unsuccessful in obtaining "Preliminary Plat Approval," that the aforementioned payment would be reimbursed.

(g) Furthermore, the Reservation Agreement's provisions expressly provide for an extension of its terms by the Town.

**Approval of the Reservation Agreement**

12. At its meeting on the evening of October 19, 2021, the Town's Board of Mayor and Alderman approved the Reservation Agreement. The Meeting Minutes of the October 19, 2021 meeting are attached hereto as **Exhibit B** and incorporated herein by reference.

13. In connection with the Reservation Agreement, TVH (as Developer) then submitted various paperwork to the Town to facilitate the development of the Property, including:

   (a) A Preliminary Plat Plan; and

   (b) A Request that the Zoning of the Property be rezoned from T-2 to D-3 to accommodate 190 units/lots on the project.

14. The Town's staff then prepared a report recommending a favorable recommendation onto the Board of Mayor and Alderman for the Plaintiffs' Sector Amendment Ordinance and Rezoning Ordinance.

15. (a) The staff report was then submitted to the Town's Planning Commission for consideration at its meeting on November 30, 2021.

   (b) During the Planning Commission's meeting, a member of the Commission reviewed the staff report which included a favorable recommendation.

   (c) However, after discussion, Commissioner White made a non-favorable recommendation to amend the Sector Plan and the Rezoning request to the Board of Mayor and Alderman. That Motion was seconded and carried. The Minutes of the November 30, 2021 Planning Commission Meeting are attached hereto as **Exhibit C** and incorporated herein by reference.

16. (a) The Town's Board of Mayor and Alderman does not meet in December. Thus, the Plaintiffs' requests were then deferred to the January 11, 2022 Meeting of the Town's Board of Mayor and Alderman.

(b) However, at that meeting, the Plaintiffs' request was not actually considered, even though on the Agenda. Instead, the Board of Mayor and Alderman made a Motion -- although not on the meeting's Agenda -- to defer the Rezoning Application until such time as the Town's Land Development Ordinance and Major Thoroughfare Plan are updated. That Motion was Seconded and carried. The Minutes of the January 11, 2022 meeting are attached hereto as **Exhibit D**.

(c) Over a full year has now passed; yet, the Town's Land Development Ordinance and Major Thoroughfare Plan have not been updated.

17. (a) To progress the matter, the Plaintiffs then re-presented the Application papers to the Town's Planning Commission at its next meeting on January 25, 2022, requesting instead that the Rezoning be reconsidered as D-2 to the Board of Mayor and Alderman as opposed to D-3 (the original request).

(b) During the Town's Planning Commission Meeting on January 25, 2022, the Town's staff report, which included a favorable recommendation to the Board of Mayor and Alderman, was then reviewed by the Planning Commission. After discussion, the Commissioner of the Town's Planning Commission made a Motion for an unfavorable recommendation to the Board of Mayor and Alderman with the right to bring the matter back once the Town's new Comprehensive Plan is updated, and established. That Motion was Seconded and carried. The Minutes of the January 25, 2022 meeting are attached hereto as **Exhibit E**.

(c) Again, a full year has since passed; yet, the Town's new plan has not been established.

18. (a) As a result, the Plaintiffs' request, with a favorable staff report and an unfavorable Planning Commission recommendation, went back before the Town's Board of Mayor and Alderman at its next meeting on February 8, 2022. The Town then implemented,

without any advance notice, a Moratorium on any Rezoning Applications, pending the Town's issuance of its new Comprehensive Plan. The Minutes of the February 8, 2022, meting are attached as **Exhibit F**.

(b) Again, and notwithstanding the passage of a full year, the Town's new plan has not been established.

19. When the Plaintiffs' request for D-2 Zoning went before the Town's Board of Mayor and Alderman on February 8, 2022, it was again denied as a result of the impromptu implementation of a Moratorium on Rezoning Applications despite another favorable recommendation for approval from the Town's staff and in disregard of State law. Instead, it was not properly considered by the Board.

20. (a) The Town entered into a Reservation Agreement with TVH and received TVH's money, after refusing to consider TVH's extension request as provided for in the Reservation Agreement, and under the guise that a Rezoning protocol was actually in place. However, within months of entering into that agreement, the Town implemented a Moratorium on Rezoning effectively foreclosing the intended benefits of the Reservation Agreement. The Town's Moratorium is effectively a *de facto* ordinance change that substantially affects land use.

(b) The Zoning Moratorium was implemented on an impromptu basis, without following the notice and public hearing provisions required by Tennessee Code Annotated Section 13-4-101, *et seq.* and Section 13-7-201, *et seq.,* and without approval by the Town's Planning Commission, as required by T.C.A. §13-7-204.

21. (a) T.C.A. §13-4-101, *et seq.* governs Municipal Planning Commissions.

(b) T.C.A. §13-7-201 governs Municipal Zoning matters.

(c) T.C.A. §13-7-203 mandates notice and a hearing on any ordinance or amendment thereof.

(d) In this instance, the Town implemented a Zoning Moratorium (*i.e.,* a Zoning Amendment) without notice or a hearing.

(e) T.C.A. §13-7-204 requires also that amendments be approved by the Planning Commission.

(f) The Town's Moratorium was not properly approved by the Planning Commission.

22. The Zoning Moratorium substantially affects the Plaintiffs' use of the Property.

23. Notwithstanding the implementation of a Rezoning Moratorium, the Town granted a Rezoning Application submitted by another developer. More specifically, and despite the fact that the Town implemented a Rezoning Moratorium, the Town <u>considered</u>, and <u>granted</u> a Rezoning Application submitted by another developer while refusing to consider the Plaintiffs' Rezoning request.

24. The Town, through the actions of its Board of Mayor and Alderman, acted arbitrarily and without reasonable justification in continuously denying Plaintiffs' Applications based on a *de facto* Moratorium and thereafter on a Moratorium implemented without notice or a hearing, which was also not properly approved by the Town's Planning Commission.

25. As a result, the other developer (whose Rezoning Application was <u>considered</u> and <u>approved</u>, notwithstanding the Rezoning Moratorium), received unequal, beneficial treatment from the Town.

# CAUSES OF ACTION

## Count I
### Violation of 42 U.S.C. §1983 – Due Process

26. The Plaintiffs incorporate the preceding paragraphs as if fully restated herein.

27. The Plaintiffs are entitled to substantive and procedural due process in the treatment of their development by the Town pursuant to the United States Constitution and the Tennessee Constitution.

28. The Town has arbitrarily denied the Plaintiffs' rights to substantive and procedural due process under the Color of State Law, in violation of 42 U.S.C. §1983.

29. The Town's actions during the Property's approval process, in which the Plaintiffs were denied procedural and substantive due process, shock the conscience.

30. The Plaintiffs have been damaged by the Town's deprivation of their rights to substantive and procedural due process under Color of State Law.

## Count II
### Violation of 42 U.S.C. §1983 – Equal Protection

31. The Plaintiffs incorporate the preceding paragraphs as if fully restated herein.

32. The Plaintiffs are similarly situated to the other party appearing before the Planning Commission and the Board of Mayor and Alderman for their respective developments and Rezoning Applications.

33. The Plaintiffs have been repeatedly rejected and/or denied by the Town for reasons inconsistent with positions taken by the Town with respect to another developer also seeking rezoning during the Rezoning Moratorium.

34. By way of example only, and upon information and belief, the Plaintiffs have received unequal treatment from both the Town's Board of Mayor and Alderman and its Planning Commission.

35. No rational basis exists for the Town's denials and obstruction of the Plaintiffs' request in light of the Town's positive treatment of another, similarly-situated developer. Specifically, and notwithstanding the Moratorium, the Town considered and approved the other applicant's request for a zoning change.

36. (a) The Town is believed to be motivated by personal animus and ill will towards James Franks, who owns both Blueprint and TVH.

(b) Mr. Franks has a relative who has been involved in various developments in the Town.

(c) That relative of Mr. Franks has previously, through one or more of his development entities, filed suit against the Town, successfully.

37. (a) Prior to the meeting in January, 2022, an aspiring member of the Town's Board of Mayor and Alderman and its Planning Commission, expressly mentioned to Mr. Franks that a relative of Mr. Franks (who has active developments within the Town) had not endorsed, supported and/or contributed to the individual's campaign to fill the upcoming mayoral vacancy.

(b) This disclosure by the Board's member (and Planning Commission member) to Mr. Franks had no factual or procedural bearing on the matter for which Mr. Franks was attending the meeting in January, 2022. From all that would appear, it seemed that the individual intended to hold Mr. Franks accountable for the fact that Mr. Franks' relative had not endorsed, supported and/or contributed to the individual's election campaign.

(c) It was at that same meeting that the Board's member (and Planning Commission member) voted in opposition of the Rezoning request submitted by Mr. Franks' company, TVH.

(d) Personal animus should have been set aside and the considered reasoning of the Town's staff in their preparation of reports should have been followed.

38. The Town's actions constitute violations of the Plaintiffs' Constitutional Right to Equal Protection under the law in violation of 42 U.S.C. §1983.

39. The Plaintiffs have been damaged by the Town's violations of the Constitutional Right to Equal Protection.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs sue the town of Thompson's Station, Tennessee and in connection therewith, they request:

1. That a jury be empaneled to try the issues in this case;

2. That a Judgment be issued in favor of the Plaintiffs and against the Town awarding damages in an amount to be determined at trial for the Town's violation of the Plaintiffs' Constitutional Right to Due Process;

3. That a Judgment be issued in favor of the Plaintiffs and against the Town awarding damages in an amount to be determined at trial for the Town's violation of the Plaintiffs' Constitutional Rights to Equal Protection;

4. That the Plaintiffs be awarded reasonable attorneys' fees incurred in bringing this action, pursuant to 42 U.S.C. §1988;

5. That the costs of this matter be taxed to the Town; and

6. That the Plaintiffs be awarded such other and further relief as this Court deems appropriate.

Respectfully submitted,

*/s/ Phillip Byron Jones*
**Phillip Byron Jones** (#14125)
EVANS, JONES & REYNOLDS, PC
401 Commerce Street, Suite 710
Nashville, TN 37219-2424
(615) 259-4685
Pjones@ejrlaw.com
*Attorneys for Plaintiffs*

4679.33.001