

**Reservation of Wastewater Capacity Agreement with the Town of Thompson's Station**

THIS RESERVATION AGREEMENT (hereinafter the "Agreement"), is made effective this the **19th** day of **October**, 20**21** (hereinafter the "Effective Date"), by and between **Tennessee Valley Homes, Inc.** with principal offices located at **245 Noah Drive**, (hereinafter the "Developer/Owner"); and the Town of Thompson's Station, Tennessee, a municipality duly incorporated, organized, and existing under the laws of the State of Tennessee (hereinafter the "Town").

### I. PURPOSE OF THE AGREEMENT

1.  The Developer, **Tennessee Valley Homes, LLC** /Owner, **Freda G. Moon** is the owner of real property located on **4339 Columbia Pike** and identified as Williamson County tax map **118** parcel(s) **9.02**. The property contains approximately **63.39** acres +/-, (hereinafter the "Project Site"). The Project Site is currently zoned **T2** (**T2 Rural**).

2.  The Developer/Owner desires to improve and develop the Project Site or a portion of the Project Site into a development to be known as **Moon Property** (hereinafter the "Project"), under the ordinances, rules, and regulations of the Town.

3.  This Agreement is subject to the Town's final approval of the required Project plans/documents for the Project, which include, but are not limited to: annexations, rezonings, site plans, and/or plat approvals (with conditions as determined by the Town); detailed construction plans and specifications, in accordance with the Town's charter, ordinances, rules, regulations, and policies, applicable sureties, applicable permits, (hereinafter referred to as "Town Regulations") as well as Federal and State law..

4.  The Developer/Owner and Town agree that all necessary project documents, as determined and required by the Town Staff for the purpose of determining wastewater capacity and as required for the engineer letter of findings (ELF), shall be attached to this Agreement as **Collective Exhibit "A"** and incorporated herein by reference.

5.  This Agreement is pursuant to Ordinance No. 2020-007 / Town Code 18-301 thru 18-307, along with the engineer review and the engineer letter of findings (ELF) generated from the review related to the wastewater system capacity reservation dated **March, 30, 2021 and extended to the current date by staff**. Developer/Owner agrees, acknowledges, and confirms the receipt of the engineer review letter and the findings dated **March, 30, 2021 and extended to the current date by staff**, which is attached hereto and incorporated herein by reference, as **Exhibit "B"**.

6.  The Developer/Owner agrees, acknowledges, and accepts the terms of the engineer letter of findings (ELF) related to the wastewater system capacity reservation pertaining to the Project, as submitted by the Developer/Owner. Developer/Owner, by agreeing, acknowledging, and accepting the terms of the engineer letter of findings, along with the requirements of the submission of the necessary project documents and compliance with Ordinance No. 2020-007 / Town Code 18-301 thru 18-307, and other applicable codes and ordinances, does reserve capacity pursuant to and subject to the engineer letter of findings (ELF) incorporated herein by reference as **Exhibit "B"**.

7.  This agreement is subject to compliance by the Developer/Owner to install necessary and required public improvements (hereinafter "Public Improvements") the wastewater system necessary to accommodate the flow proposed by the development, as well as all other improvements designated herein, at no cost to the Town, as attached as **Exhibit C** hereto.

8.  The Developer/Owner agrees to install and maintain private improvements and amenities, as applicable and as shown on the necessary project documents, including, but not limited to: private streets and alleys, fences, walls, lakes, common open space, open space amenities, site lighting, storm water management systems, retention and/or detention basins, storm sewers, inlets etc., landscaping and related irrigation systems, relative to said Project, none of which shall be accepted for maintenance by the Town, except as required by ordinance.

9.  The Town agrees to reserve wastewater capacity for the Project subject to the Developer/Owner's compliance with applicable Town rules and regulations and the conditions set forth herein, to include, but not be limited to, the Town's Land Development Ordinance (LDO) and, further, the Town agrees to provide customary services to the Project in accordance with the Town's rules and regulations after Final Acceptance, as defined herein and by Town policy.

## II. GENERAL CONDITIONS

1.  *Payment* – Where applicable, prior to the assignment by the Town to the Developer/Owner of the reservation of wastewater capacity, the Developer/Owner shall deliver to the Town the requisite payment pursuant to the terms and conditions as provided in Ordinance No. 2020-007 / Town Code 18-301 thru18-307, and other applicable codes and ordinances.

    a) The Town and the Developer/Owner agree that should the Developer/Owner be unable to successfully obtain rezoning of the property relating to the project as provided herein, the initial requisite payment/deposit, as prescribed by the Town Code, shall be reimbursed in full and no reservation of wastewater capacity shall be provided or assigned to the Developer/Owner.

    b) The Town and the Developer/Owner agree that should the Developer/Owner be unable to successfully obtain preliminary plat approval for the project as provided herein, the initial requisite payment/deposit, as prescribed by the Town Code, shall be reimbursed in full and no reservation of wastewater capacity shall be provided or assigned to the Developer/Owner. Further, and as a condition precedent to the above, the Developer/Owner shall submit a preliminary plat encompassing the entire project.

2. *Approval of the Necessary Project Documents* - The Necessary Project Documents, which are attached hereto as **Collective Exhibit "A"** and incorporated herein by reference, shall be those required by the Town Staff, provided that the same are in compliance with Town rules and regulations. All construction relating to the Project shall be subject to inspection and approval by the Town until Final Acceptance and shall be subject to any conditions set forth on **Exhibit "B"**.

2

3. *Construction:* - The Developer/Owner shall not carry on or permit construction activities under this Agreement at the Project location unless and until the Town has provided approval, pursuant to the terms and conditions herein and compliance by the Developer/Owner requirements, of **Collective Exhibit "A".**

4. *Capacity Reservation:* - The Developer/Owner agrees, acknowledges, and accepts that the reservation of capacity is subject to the terms of the Engineer Letter of Findings (ELF) of which capacity may be dedicated permanently to the development provided:

   a. All necessary water/sewer construction, as determined by the Town, has been completed, accepted, and dedicated to the Town of Thompson's Station to accommodate the reservation of Wastewater capacity as provided in the Engineer Letter of Findings (ELF);

   b. All necessary construction submissions, as determined by the Town Staff, have been submitted by the Developer/Owner;

   c. All required payments have been submitted by the Developer/Owner to the Town pursuant to Town code, ordinance and/or Land Development Ordinance (LDO);

   d. The Developer/Owner acknowledges, agrees, and accepts that the Town shall determine the assignment of reservation of capacity based on the Engineer Letter of Findings (ELF), the Town code, ordinance, the LDO, and the compatibility of available taps.

   e.   The reservation of wastewater capacity shall be based on the date of the entry of this Agreement, and subject to all prior commitments to and by the Town, and as provided herein.

5. *Reservation Agreement Modification Fees* - The Developer/Owner agrees to pay the fee, to include, but not limited to, attorney fees or engineering fees, for any modifications to this Agreement in accordance with the Town schedule of fees applicable to such a modification and that are current at the time of submittal of a written request for a modification by the Developer/Owner, including, but not limited to, time extensions, addendums, or amendments.

6. *Developer/Owner's Default* - The Developer/Owner agrees that should it default in performing any of its obligations under this Agreement, and it becomes necessary to engage an attorney to file necessary legal action to enforce provisions of this Agreement or sue for any sums of money due and owing, or liability arising incidental to the Agreement, Developer/Owner shall pay to the Town all reasonable attorney's fees and expenses of litigation stemming from said default.

7. *Developer/Owner's Liability* - It is expressly understood and agreed that the Town is not and could not be expected to oversee, supervise, and/or direct the implementation of all construction and improvements contemplated in this Agreement. The Town is not responsible for the design of the Project or in any way determine the suitability of the property for the Project.

   a. The Town Staff may make periodic inspections and has the right to enforce the provisions of this Agreement and Town Regulations.

   b. The Developer/Owner now has and shall retain the responsibility to properly anticipate, survey, design and construct the Project improvements and give full assurance that same shall not adversely affect the flow of surface water from or upon any property and is a contingency of this Agreement.

   c. In providing technical assistance, plan and design review, the Town does not and shall not relieve the Developer/Owner from liability, and the Town does not accept any liability from the Developer/Owner for any actions or inactions on and by the Town.

3

d. The Developer/Owner will provide its own Project Engineer and may not rely on the review of Town staff or its engineers with respect to the Project.

e. Neither observations by the Town, nor inspections, tests or approvals by others, shall relieve the Developer/Owner from its obligation to perform work in accordance with Town Regulations and the terms of this Agreement.

8. *Duration of Reservation of Capacity* – The Town and the Developer/Owner agree and acknowledge that the reservation of wastewater capacity shall be effective on the date of the execution by the parties of this Agreement. However, Developer/Owner acknowledges and confirms that such reservation of wastewater capacity is contingent upon the status of the availability of capacity, to include, but not limited to: the status of the completion, acceptance and dedication of the Membrane Bioreactor pump system (MBR) or the regional treatment plant facilities and of other requirements as provided herein. Further, the Town and the Developer/Owner agree the duration of the reservation for the (1) one-year term and possible renewal, pursuant to the terms enumerated in Ordinance No. 2020-007 / Town Code 18-301 thru 18-307, shall toll and commence upon written notice to the Developer/Owner of the availability of such reserved wastewater capacity to the Developer/Owner. The purpose of this section is to clarify that the (1) one-year duration of the reservation of capacity shall start upon the written notice by the Town to the Developer/Owner of when such time period shall commence based on and subject to the provisions as provided herein. Such one year time period may be extended pursuant to the provisions as provided within the Ordinance/Code During the one (1) year reservation of capacity, the Developer/Owner shall be responsible for obtaining all required approvals of the Project by the Town relating to all development plans/documents, to include, but not limited to: annexations, rezonings, site plans, and/or plat approvals, detailed construction plans and specifications, in accordance with the Town's charter, ordinances, rules, regulations, policies, applicable permits, applicable sureties, as well as Federal and State laws, which shall be referred to as the Town's Regulations. Upon the Developer/Owner obtaining approval by the Town as provided hereinabove of the Project relating to all Town Regulations, the Town shall allocate to the Developer/Owner the wastewater capacity that had been reserved for the Project. The Town shall grant such allocation of capacity for a period of (5) five years as to the use of the wastewater capacity by the Developer/Owner at which time the allocation shall terminate and revert to the Town, at no cost to the Town, unless within (6) six months of the expiration of the (5) five year term, the Developer/Owner makes application in writing and obtains approval by the Town, for an extension for a period of up to (3) three years as to the allocation as to the remaining wastewater capacity available for the Project. After the (3) three-year period has elapsed, the capacity shall revert to the Town, at no cost to the Town.

9. *Indemnity* - Developer/Owner shall indemnify and hold the Town harmless and agrees to defend the Town and the Town employees, agents, and assigns against any and all claims that may or happen to arise out of or result from the Developer/Owner's performance or lack of performance under this Agreement, whether such claims arise out of the actions or inactions of the Developer/Owner, any subcontractor of the Developer/Owner, or anyone directly or indirectly employed by, or otherwise directly or indirectly involved with the Project at the direction of the Developer/Owner or subcontractor of the Developer/Owner. This indemnity and hold harmless agreement includes, without limitation, all tort claims, both intentional and otherwise, and all claims based upon any right of recovery for property damage, personal injuries, death, damages caused by downstream deposits, sediment or debris from drainage, damages resulting from the Developer/Owner changing the volume or velocity of water leaving

4

the Developer/Owner's property and entering upon the property of others, storm water that is allegedly impounded on another property and claims under any statutes, Federal or state, relative to water, drainage and/or wetlands, and reasonable attorney's fees and costs incurred by the Town in defending itself or its employees, agents, or assigns as a result of the aforesaid causes and damages and/or enforcing this Agreement.

10. *Notice of Violation* - The Town Planner and/or Town Engineer, or his or her designee, may issue a Notice of Violation (NOV) when violations of Town, State, or Federal laws and/or regulations are observed.

    a. If the Developer/Owner has not corrected the violation identified in the NOV, then the Developer/Owner agrees that the Town acting through the Town Planner and/or Town Engineer may perform the necessary work to eliminate the violation and document all expenses incurred in performing the work. Developer/Owner shall reimburse the Town for all such expenses plus an additional reasonable administrative cost equal to twenty-five percent (25%) of such expense.
    b. Prior to releasing any Security hereunder and as herein defined, all expenses incurred by the Town relative to the foregoing shall be paid in full by the Developer/Owner.
    c. The Town may issue a Stop Work Order (SWO) if the Developer/Owner does not promptly correct any deficiency or violation identified in the NOV in the reasonable time determined by the Town. The Developer/Owner agrees to comply with any SWO issued by the Town. If Developer/Owner fails to comply with a SWO, the Developer/Owner shall be responsible for all costs the Town incurs, including reasonable attorneys' fees, in seeking a restraining order or other injunctive relief or legal action to remedy any deficiency or violation.

11. *Ownership of Public Improvements* - The Developer/Owner shall be responsible for all Public Improvements required by the Town and the Town shall have no obligation to maintain any Public Improvements unless and until Final Acceptance of the Public Improvement(s) occurs in accordance with the LDO and Town policy.

12. *Relocation of Existing Improvements* - The Developer/Owner shall be responsible for the cost and liability of any relocation, modification, and/or removal of utilities, streets, sidewalks, drainage and other improvements made necessary by the development of the Project, both on and off site, along with the responsibility for obtaining necessary right-of-way (ROW) and/or easements for such infrastructure relocation, modification, and/or removal, at no cost to the Town.

13. *Right of Entry* - The Developer/Owner agrees that the Town shall have the right, but not the duty, to enter the Project Site and make emergency repairs to any public improvements when the health and safety of the public requires it, as determined by the Town in its sole and absolute discretion. The Developer/Owner will reimburse the Town for the costs incurred by the Town in making said repairs, plus an additional reasonable fee for administrative costs not to exceed twenty-five percent (25%).

14. *Safety* - The Developer/Owner shall maintain barricades, fences, guards, and flagmen as reasonably necessary to ensure the safety of all persons at or near the Project Site at all reasonable and necessary times.

5

15. *Stop Work Orders* - The Town Planner and/or Town Engineer may issue Stop Work Orders (SWO) to remedy and enforce the provisions of this Agreement.

16. *Termination of Agreement* – This Agreement may be terminated by the Town if the Developer/Owner fails to comply fully with the terms and conditions of this Reservation Agreement.

   a. The Town will give the Developer/Owner sixty (60) days written notice of the intent of the Town to terminate the Reservation Agreement, stating the reasons for termination, and giving the Developer/Owner a reasonable time to correct any failures in compliance, as determined by the Town.
   b. If after receiving a Notice of Termination of the Reservation Agreement by the Town, the Developer/Owner corrects the non-compliance within the time specified in the Notice of Termination, the Reservation Agreement shall remain in full force and effect.
   c. Failure by the Developer/Owner to correct the non-compliance will result in termination of the Reservation Agreement and collection of the security or funds by the Town pursuant to the terms and conditions as contained herein.

   If the Town terminates the Reservation Agreement, the Developer/Owner shall cease all work on the Project except as necessary to ensure the safety of all persons. The Developer/Owner (or a subsequent Developer/Owner) may apply to the Town for approval of a new Development Agreement, which approval shall not be withheld provided that all violations of this Agreement have been remedied.

17. *Transfers of Project Ownership* - Until all obligations of the Developer/Owner under this Reservation Agreement have been fully met and satisfied, the Developer/Owner agrees that neither the Project Site nor any portion thereof will be transferred to another party without first providing the Town with a thirty (30) calendar day written notice of when the proposed transfer is to occur and the identity of the proposed transferee, along with the appropriate contact information for the proposed transferee, including address and telephone number of the proposed transferee. Additionally, such transfer shall be subject to written approval by the Town as provided herein and no transfer shall be acknowledged and effective unless and until approved by the Town.

   a. If it is the proposed transferee's intention to develop the Project Site or any portion thereof in accordance with this Reservation Agreement, the Developer/Owner agrees to furnish the Town with an assumption agreement, or equivalent as determined by the Town, subject to approval by the Town, by which the transferee agrees to perform the obligations required under this Reservation Agreement that are applicable to the property to be acquired by the proposed transferee.

   b. Unless otherwise agreed to by the Town, the Developer/Owner will not be released from any of its obligations hereunder by such transfer and the Developer/Owner and the transferee both shall be jointly and severally liable to the Town for all obligations hereunder that are applicable to the property transferred. The proposed transferee may be required to furnish new Performance Security and Maintenance Security acceptable to the Town, as applicable and determined by the Town.

6

c. If it is not the proposed transferee's intention to develop the Project Site or any portion thereof in accordance with this Reservation Agreement, the transferee must satisfy all applicable requirements of the Town, as determined by the Town, including payment of all outstanding fees, and must receive Town approval, in writing, to void this Agreement.

d. The Developer/Owner agrees that if it transfers said property without providing the notice of transfer and assumption agreement, or equivalent, as required herein, it will be in breach of this Reservation Agreement and the Town may require that all work be stopped relative to the Project and may require payment of the Performance and Maintenance Security to assure the completion of the Project, as determined by the Town in its sole and absolute discretion.

18. *Developer/Owner Agreement, Building Permits and All Submissions and Approvals* – The Developer/Owner understands and agrees the intent of this Agreement is for the reservation of Wastewater capacity between the Town and the Developer/Owner and doesn't alleviate the Developer/Owner from pursuing all required submissions and approvals by the Town for the Project pursuant to the Town of Thompson's Station's Code, and LDO, to include, but not limited to, obtaining a Developer/Owner Agreement, Plat Approval, or Building Permit(s), along with all state and federal requirements, where applicable.

## III. REQUIRED IMPROVEMENTS

The Developer/Owner agrees to pay the full cost of all the project improvements listed below, if applicable, to the Project.

1. *Sanitary Sewer System* – Pursuant to the Engineer Letter of Findings (ELF), the Developer/Owner has reserved wastewater capacity in the amount of **47,500** gallons per day(gpd) for treatment. For the purpose of determining wastewater fees to be assessed to the Developer/Owner by the Town, the Developer/Owner agrees the Town may round up to the next highest equivalency tap amount, based on the wastewater capacity reserved by the Town, in the calculation to establish the wastewater fees to be assessed. When the capacity is available via written notice to the Developer/Owner as provided herein, the Developer/Owner agrees to pay the cost of a State of Tennessee approved sanitary sewer system as required by Town rules and regulations with necessary sewer mains, manholes, pump stations, force mains and service laterals in the Project, along with all necessary sewer mains, manholes, pump stations, force mains, and service laterals outside the Project but required to provide sanitary sewer service to the Project. As the Developer/Owner is approved for wastewater capacity of **47,500** gpd for treatment, the Developer/Owner agrees to bear the cost of all engineering, inspection, and laboratory testing costs incurred by the Developer/Owner incidental to the sewer system in or to the Project, and, if the Town Engineer or his or her designee deems it necessary, to have additional work of such nature performed as directed without cost to the Town.

7

## IV. MISCELLANEOUS PROVISIONS

1. *Notices* - All notices, demands and requests required or permitted by this Reservation Agreement shall be in writing (including telecopy communications) and shall be sent by email, certified mail, or hand delivery. Any notice, demand or request which is mailed, hand delivered or sent by courier shall be deemed given for all purposes under this Reservation Agreement when delivered to the intended address.

| TOWN | DEVELOPER | OWNER |
|------|-----------|-------|
| Town of Thompson's Station<br>P. O Box 100<br>Thompson's Station, TN 37179 | Tennessee Valley Homes, LLC<br>245 Noah Drive<br>Franklin, TN 37064 | Freda G. Moon<br>2177 Hillsboro Road<br>Franklin, TN 37069 |

2. *Change of Address* - Any party to this Agreement may change such party's address for the purpose of notices, demands and requests required or permitted under this Agreement by providing written notice of such change of address to the other party, which change of address shall only be effective when notice of the change is actually received by the party who thereafter sends any notice, demand or request.

3. *Choice of Law & Venue* - This Agreement is being executed and delivered and is intended to be performed in the State of Tennessee, and the laws (without regard to principles of conflicts of law) of the State of Tennessee shall govern the rights and duties of the parties hereto in the validity, construction, enforcement and interpretation hereof. Venue for any action arising from this Agreement shall be in a court of competent jurisdiction in Williamson County, Tennessee.

4. *Joinder of Owner* - If the Developer/Owner is not the Owner of the Project Site, the Owner shall join in this Agreement, and, by the Owner's execution of this Agreement, the Owner is jointly and severally liable for the representations, warranties, covenants, agreements and indemnities of Developer/Owner.

5. *Interpretation and Severability* - If any provision of this Agreement is held to be unlawful, invalid, or unenforceable under present or future laws effective during the terms hereof, such provisions shall be fully severable and this Agreement shall be construed and enforced as if such unlawful, invalid, or unenforceable provision was not a part of this Agreement. Furthermore, if any provision of this Agreement is capable of two constructions, one of which would render the provision void and the other of which would render the provision valid, then the provision shall have the meaning which rends it valid.

6. *No Waiver* - The failure of the Town to insist upon prompt and strict performance of any of the terms, conditions or undertakings of this Agreement, or to exercise any right herein conferred, in any one or more instances, shall not be construed as a waiver of the same or any other term, condition, undertaking or right.

7. *Amendments and Modification* - This Agreement shall not be modified in any manner, except by an instrument in writing executed by or on behalf of all parties. All legal fees, costs and expenses incurred with agreement modifications shall be at the sole expense of the Developer/Owner.

8

8. *Authority to Execute* – Town, Developer and Owner each warrant and represent that the party signing this Agreement on behalf of each has authority to enter into this Agreement and to bind them, respectively, to the terms, covenants and conditions contained herein. Each party shall deliver to the other, upon request, all documents reasonably requested by the other evidencing such authority, including a copy of all resolutions, consents or minutes reflecting the authority of persons or parties to enter into agreements on behalf of such party.

9. *Binding Agreement* - This Agreement is the full and complete agreement between the Town and the Developer and/or Owner(s) and supersedes all other previous agreements or representations between the parties, either written or oral, and the parties agree that the terms and provisions of this agreement is binding upon all parties to the Agreement and their respective heirs, successors, or assigns until the terms of the Agreement are fully met.

WITNESS the due execution hereof:

**DEVELOPER:**

Print Name & Title

Date: 6-20-22

**OWNER (if applicable):**

Freda A Garrett
Print Name

Date: 6-20-22

**TOWN OF THOMPSON'S STATION:**

TOWN MAYOR

Date: 10-19-2021

9

**Exhibit "A"**
Necessary Project Documents

10

# Wastewater Capacity Reservation Application Form

A Wastewater Capacity Reservation application must be submitted when a property owner proposes new development or re-development of property that may increase the demand on existing infrastructure. The guidelines for determining capacity and issuing points of connection are located within the Capacity Reservation System Technical Memorandum. Complete the following and return to Town Hall with proof of property ownership: recorded deed, recorded deed of trust, title report, or title insurance. Applicant shall also provide map locating proposed connection point.

## Title Owner Information

| Name | Frete 6 Moon | | | | |
|---|---|---|---|---|---|
| Company | N/A | | | | |
| Address | 2177 Hillsboro Road | | | | |
| City | Franklin | State | TN | Zip Code | 37069 |
| Email | | | | Phone Number | |
| Signature | *(signature)* | | | | |

## Applicant Information

| Name | James C.D. Franks | | | | |
|---|---|---|---|---|---|
| Company | Tennessee Valley Homes, Inc. | | | | |
| Address | 245 Noah Drive | | | | |
| City | Franklin | State | TN | Zip Code | 37064 |
| Email | james@tennesseevalleyhomes.com | | | Phone Number | 615.794.7415 |
| Signature | *(signature)* | | | | |

## Parcel / Property Information

| Service Address | 4339 Columbia Pike | | | | |
|---|---|---|---|---|---|
| City | Thompson's Station | | State | TN | Zip Code |
| Property Tax Account Number (s) | 118 00902 0000511B | | | | |
| Building Project Number | | | | | |
| Tract Size (Acres or Sq. Ft.) | 63.86 acres +/- | | | | |

## Type of Development

| X | New Construction | | Replacement | | Interior Only Remodel |
|---|---|---|---|---|---|
| | Additional Building | | Exterior Addition | | Other: |
| | Tenant Build-Out | | Conversion | | |

### OFFICE USE ONLY

**Notes:**

| Check Number: | | Date Received: | |
|---|---|---|---|

1

11

Case 3:23-cv-00105   Document 1-1   Filed 02/03/23   Page 11 of 17 PageID #: 24

| Existing Development | |
|---|---|
| Vacant (only if undeveloped) * | |
| Facility/Building Type | Residential |
| Existing Number of Occupants/ Employees | Single Family Structure |
| Existing Facility Square Footage | |
| Existing Flow (GPD) | 350 |
| Additional Property Information (# of bathrooms, # of washers, etc.) | |
| | |

*If vacant skip to next section

| Proposed Development | | |
|---|---|---|
| Single Family Residence (# of units) * | 190 | |
| Proposed Facility/Building Type | Residential | |
| Proposed Number of Occupants/ Employees | Existing Flow (GPD) | 350 |
| Proposed Facility/Building Square Footage | | |
| Proposed Development Acreage | | |
| Proposed Flow (GPD) | 47,500 | |
| Additional Property Information (# of bathrooms, # of washers, etc.) | | |
| | | |

*Single family residences include apartment, condos, and townhomes.

2

12

**Exhibit "B"**
Engineer's Letter of Findings (ELF)

13



## MEMO

DATE:       March 30, 2021

TO:         Jimmy Franks

FROM:       Micah Wood, AICP
            Planning Director

SUBJECT:    Wastewater Future Capacity Reservation Memo & Engineer Letter of Findings:
            Moon Property updated

---

Please find attached the Engineer Letter of Findings that provides the Wastewater Development Capacity Assessment for your requested development as Developer/Owner.

Findings
Per the Development Capacity Assessment, the Town's future wastewater system has sufficient capacity and no improvements have been identified for the development of your project, as defined in the Reservation of Future Capacity Application.

Next Step
If you agree with the Development Capacity Assessment, a Reservation Agreement, template enclosed, must be entered and approved by the Board of Mayor and Aldermen (BOMA) within 60 days of the date of this letter or as otherwise extended by Town Staff in order to reserve future wastewater capacity as outlined in the Engineer Letter of Findings that provides the Wastewater Development Capacity Assessment. Otherwise, the Engineer Letter of Findings shall be considered lapsed for this project. At the time of the signing and submission of the Reservation Agreement by the Developer/Owner to the Town for approval by the BOMA, the payment of the required deposit amount of 25% of the allotted wastewater tap fees for the project must be remitted to the Town.

Plan Review & Agenda Process- Updated
Subject to the terms of the Reservation Agreement as approved by the BOMA, a Developer/Owner may seek approval for projects and submit application(s) for a concept plan, rezoning, preliminary plat, and/or construction documents from the Planning Commission, as per the standards of the Land Development Ordinance. No site plan, final plat, or building permit for development with a Reservation Agreement shall be considered by the Planning Commission or Town Staff until the Town's new wastewater treatment facility is operational, as defined by the State of Tennessee.

Please let me know if you would like to set a meeting to discuss this letter at your earliest convenience.

Enclosure:   Engineer Letter of Findings
             Template Reservation Agreement

1

Case 3:23-cv-00105   Document 1-1   Filed 02/03/23   Page 14 of 17 PageID #: 27



# Town of Thompson's Station, Tennessee

## Engineer Letter of Findings

### Development Overview

| | |
|---|---|
| Date Submitted: | 12/17/2020 |
| Development ID: | 3 |
| Development Name: | Moon Property |
| Description: | 190 Single Family Homes |
| Requested Load (GPD): | 47,500 |
| Essential Service? (Y/N): | No |
| 'De Minimis'? (Y/N): | No |
| Requestor Name: | Jimmy Franks |



### Capacity Assessment Results Overview

Capacity Certification Results: Sufficient Capacity upon completion of the Town's planned improvements at the Regional wastewater plant.

Description of Improvements: No improvements identified for modeled conditions.

15

Case 3:23-cv-00105   Document 1-1   Filed 02/03/23   Page 15 of 17 PageID #: 28

## Exhibit "C"
## Public Improvements

No public improvements required

16

Blueprint Holdings LLC
245 Noah Drive
Franklin, TN 37064

**Pinnacle**
87-863/640

1003

6/17/2022

PAY TO THE
ORDER OF _____ Town of Thompsons Station _____ $ **463,461.30

Four Hundred Sixty-Three Thousand Four Hundred Sixty-One and 30/100************************ DOLLARS

Town of Thompsons Station

MEMO Moon reservation fee

AUTHORIZED SIGNATURE

⑈0000100⑈ ⑆064008637⑆ ⑈800107537193⑈

Security features. Details on back.